UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN BRISCOE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Docket No. 19-cv-00029-SDD-EWD |
| JAMES LeBLANC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO CONDUCT LIMITED EXPEDITED DISCOVERY**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Shawn Briscoe, who respectfully files this memorandum in support of his request to conduct limited, expedited discovery regarding the true name and identify of Defendants.

INTRODUCTION

At approximately 5:30 a.m. on February 3, 2018, Plaintiff Shawn Briscoe, then an inmate at Elayn Hunt Correctional Center (EHCC), was attacked in the Fox 7 dormitory by fellow inmate Darryl Harris who burned him with heated chemicals and repeatedly stabbed him. R. Doc. 1.

During the attack, two EHCC officers – one unknown to Plaintiff ("Doe Defendant") and the other only known as "Sgt. Stewart" – stood by and watched, not making any attempt to intervene, call for back-up with their emergency beepers, or otherwise stop the attack. *Id.* Mr. Briscoe heard the officer known only as "Sgt. Stewart" encourage the attacker, shouting "They're getting that bitch, Briscoe!" as Mr. Briscoe was being burned and stabbed. *Id.*

Mr. Briscoe was badly injured. He suffered severe burns from the heated chemicals and had stab wounds on his neck, shoulder, leg, and a tendon in his foot. Despite the obvious injuries, neither Sgt. Stewart nor the other unknown officer assisted him or called for medical back-up.

1

*Id.* When Mr. Briscoe asked for help, Sgt. Stewart told him to "take your fucking licks, n***a." Mr. Briscoe had to wait 30 minutes until a shift change to get sent to the hospital. *Id.*

On February 10, 2018, Mr. Briscoe was shown security footage of the attack as part of an investigation and was asked to identify individuals on the tape. In it, Mr. Briscoe observed Sgt. Stewart receiving an unidentified item from another inmate and place it in her back pocket immediately preceding the attack. Both Sgt. Stewart and Doe Defendant had a clear view of the attack when it occurred.

Ms. Briscoe brought this lawsuit against Defendants for violating his constitutional and statutory rights. R. Doc. 1. While Defendants James LeBlanc and Timothy Hooper were immediately known to Plaintiff due to their official capacities, Mr. Briscoe has been unable to uncover the identities of Sgt. Stewart and Doe Defendant. This is partially due to the fact that Plaintiff has not been allowed to re-access the security footage or any other documentation of the attack due to an ongoing criminal investigation that has now stretched over a year without any discernable progress.

Accordingly, Plaintiff requests leave to issue limited, specific purpose subpoenas to the Louisiana Department of Public Safety & Corrections similar to the ones this Court allowed on June 28, 2017, in *Tennart v. City of Baton Rouge*, 17-cv-00179, R. Doc. 30 and in *Imani v. City of Baton Rouge*, 17-439-JWD-EWD, R. Doc. 21. The subpoenas would ask only for:

1. The full name and identity of Sgt. Stewart, and
2. The full name and identity of Doe Defendant.

Plaintiff has made a good-faith effort to obtain the identity of Sgt. Stewart and Doe Defendant prior to filing this *Motion*, but the Louisiana Department of Public Safety & Corrections has been unwilling to complete the request, in part due to the ongoing criminal investigation. Plaintiff requests expedited discovery for the reasons stated herein.

LAW AND ANALYSIS

I. **Expedited Discovery to Determine the Identity of Doe Defendants Can Be Allowed for Good Cause.**

This motion seeks authorization to take limited, expedited discovery to determine the true names and identities of two Doe Defendants. Although the use of Doe Defendants is not favored, a plaintiff may be given an opportunity through discovery to identify unknown defendants when necessary. *Colle v. Brazos Cnty*., 981 F.2d 237, 243 n.20 (5th Cir. 1993). If a plaintiff is unable to identify the proper defendants through publicly available documents or other methods of investigation, this Court has the authority to grant limited, expedited discovery pursuant to Federal Rule of Civil Procedure 45. *See Green v. Doe*, 260 Fed. Appx. 717, 718-719 (5th Cir. 2007) (holding that the district court's denial of plaintiff's request to conduct discovery to identify a Doe Defendant was error "since the use of the 'John Doe' is appropriate when a party needs to 'conduct discovery backed by the authority of this court . . . [I]t serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants.").

Under Federal Rule of Civil Procedure 45, a party may issue a subpoena to command a non-party to produce various documents or testify at a deposition. Fed. R. Civ. P. 45(1)(1)(A)(iii). The Rule further explains that a party "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Federal Rule of Civil Procedure 26 provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," with some exceptions. Fed. R. Civ. P. 26(d)(1).

However, "in limited circumstances, district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery'". *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1,

3

2016). The Fifth Circuit does not have an exclusive standard to determine whether expedited discovery is appropriate, but "several district courts within the Fifth Circuit . . . have expressly utilized the 'good cause' standard when addressing the issue." *Id*. *See also*, *Wilson v. Samson Contour Energy E&P, LLC,* 2014 WL 2949457, at *2 (W.D. La. June 30, 2014); *BKGTH Productions, LLC v. Does 1-20*, 2013 WL 5507297, at *4 (E.D. Sept. 30, 2013). Good cause encompasses factors such as the "breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on [the responding party] to comply with the requests and how far in advance of the typical discovery process the request was made." *BKGTH*, at *4. The court must consider "the reasonableness of the request in light of all the surrounding circumstances" and whether the request is "narrowly tailored in scope." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 239-240 (S.D. Tex. 2011).

  **II.** **There is Good Cause to Permit Expedited Discovery Because Doe Defendant Identities are Not Otherwise Obtainable**

  Courts have consistently recognized the need for expedited discovery where, as here, a plaintiff's civil rights suit cannot go forward without the limited discovery that would enable the plaintiff to identify the unnamed defendants. *Alston v. Parker*, 363 F.3d 229, 233 n.6, 236 (3d Cir. 2004) (observing that expedited discovery aimed at identifying the proper defendants is "often beneficial" and urging district courts to "strongly consider" granting such discovery); *Warner Bros. Records, Inc. v. Does, 1-6*, 527 F. Supp. 2d 1, 3 (D.D.C. 2007) (finding good cause and granting limited expedited discovery as to the true identities of the defendants because such information was "crucial to the prosecution of Plaintiff's claims" and "the litigation [could not] go forward" without it); *LaFace Records LLC v. Does, No. 08-1659*, 2008 U.S. Dist. LEXIS 78533, at *1 (D.D.C. Oct. 6, 2008) (finding good cause for plaintiff to take limited expedited discovery from nonparty "because Defendants must be identified before this suit can progress further."); *Chung v. U.S. Dept. of Justice*, No. 00-cv-1912, 2001 U.S. Dist. LEXIS 25302, at *68

4

(D.D.C. 2001) (collecting cases holding that district court should allow limited discovery after filing of complaint to permit plaintiff to learn the facts necessary to identify and serve Doe defendants). As this Court held:

> [W]here Plaintiffs have made a showing of their attempts to obtain this information without expedited discovery, and where such early identification may avoid naming multiple potentially innocent parties as defendants, good cause exists to allow Plaintiffs to proceed with some form of expedited discovery. *See, ELargo Holdings, LLC v. Doe68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016) (granting request for narrowly tailored expedited discovery after plaintiff showed previous efforts to obtain identity of actual alleged copyright infringer to avoid naming a potentially innocent party as a defendant in the action).

*Tennart*, R. Doc. 30 at 8.

Here, the subjects of the propose limited, expedited discovery – Sgt. Stewart and Doe Defendant – directly violated Plaintiff Shawn Briscoe's constitutional and statutory rights. They not only failed to intervene in the attack or provide medical assistance, Sgt. Stewart and Doe Defendant actively cheered on the attack and may have helped facilitate the attack in exchange for an as-yet-unidentified item. *See* R. Doc. 1 at ¶¶ 25-29, 36-40. However, Mr. Briscoe, as an inmate, was not privy to the identities of every guard with which he interacted at Louisiana State Penitentiary. Prior to filing this lawsuit, Mr. Briscoe's attorney attempted to obtain a copy of the security footage and other documentation related to the attack via Public Records Law request in order to identify the individuals involved, but was denied due to the ongoing criminal investigation – an investigation that continues as of the filing of this motion. Shortly after filing, Mr. Briscoe's attorney contacted the Louisiana Department of Public Safety & Corrections in an attempt to discern their identities without involving court subpoenas, but was told that there were too many female Sgt. Stewarts employed on the date in question to readily determine without a records search, not to mention the Doe Defendant. This was briefly reiterated to Plaintiff's counsel by Rhonda Weldon at the Louisiana Department of Public Safety & Corrections when Plaintiff's counsel was attempting to serve Sgt. Stewart's summons on April 1, 2019.

5

The identities, however, are readily discernible through non-public records in control of Defendant, such as the security footage and employment logs. Other attempts outside of discovery, such as contacting the Louisiana Department of Public Safety & Corrections, have been fruitless. Therefore, Plaintiff requests that this Court allow him to conduct limited, expedited discovery to determine the true identities of Sgt. Stewart and Doe Defendant.

    Respectfully submitted,

    Shawn Briscoe, by and through his counsel,
    /s/ William Most_____
    WILLIAM MOST
    La. Bar No. 36914
    201 St. Charles Ave., Ste. 114, # 101
    New Orleans, LA 70170
    T: (504) 509-5023
    Email: williammost@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, Plaintiff's *Memorandum in Support of Motion for Leave of Court to Conduct Limited Expedited Discovery* was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

    _____/s/ William Most_____
    William Most