## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAWN BRISCOE | : | CIVIL ACTION |
| | : | NO. 19-29-SDD-EWD |
| VERSUS | | |
| | : | JUDGE SHELLY D. DICK |
| JAMES LEBLANC, ET AL | : | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

**NOW COMES**, through undersigned Assistant Attorney General, the Defendants, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DPS&C"), and Timothy Hooper, Warden of Elayn Hunt Correctional Center ("EHCC"), who respectfully move this Honorable Court to dismiss this suit pursuant to FED. R. CIV. P.  12(b)(1).

### I.    STATEMENT OF THE CASE

This suit is a 42 U.S.C. § 1983 action brought by Shawn Briscoe ("Plaintiff") against Secretary James M. LeBlanc ("Defendant LeBlanc") and Warden Timothy Hooper ("Defendant Hooper"). At all times pertinent herein, plaintiff has been confined to the custody of the DPS&C at EHCC, St. Gabriel, Louisiana.

On February 3, 2018, plaintiff alleges that he was attacked by another inmate, and that two corrections officers in the area failed to intervene and protect him from the assault, of which plaintiff alleges to have suffered serious injury. As a result of the foregoing, Plaintiff brought the instant suit under 42 U.S.C. §1983 on March 17, 2019, wherein he alleged that Defendants LeBlanc and Hooper violated plaintiff's rights under the United States Constitution and Louisiana Constitution, were negligent under state law, and that the defendants are responsible under the

doctrine of *respondeat superior* for the acts or omissions of the subordinate corrections officers who were present for the alleged attack on the plaintiff.[1] Plaintiff also alleges that Defendant LeBlanc, as Secretary of DPS&C, is obligated by statute to pay any judgment entered against an employee of DPS&C.[2]

## II.    LAW

### A.  FED. R. CIV. P. 12(b)(1)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.[3] Under Federal Rules of Civil Procedure Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim.[4] A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[5] Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[6]

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).[7] A complaint is subject to dismissal under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted."[8] In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most

---

[1] Rec. Doc. 1.

[2] *Id.* at p. 12, ¶ 93.

[3] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–87 (5th Cir. 2012); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992).

[8] FED. R. CIV. P. 12(b)(6).

favorable to the plaintiff.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]

In ruling on a 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[11] A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief.[12]

However, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[13] "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[14] A pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction[.]"[15] In federal question cases, the party must demonstrate a non-frivolous claim based on federal law.[16] When a district court finds it lacks subject matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction.[17]

III.    **ARGUMENT**

A.  **12(b)(1) MOTION TO DISMISS**

Plaintiff's claims for monetary damages under §1983 and any other relief against Defendant LeBlanc and Defendant Hooper in their official capacities are barred under both

---

[9] *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152–53 (5th Cir. 2010).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied,* 558 U.S. 1111 (2009); *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001) (stating that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

[12] *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

[13] *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 318 (5th Cir. 2012).

[14] *Id.*

[15] *Id.*

[16] *Gibbs v. Buck*, 307 U.S. 66, 72 (1939).

[17] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Louisiana Law and the Eleventh Amendment and should be dismissed pursuant to rule 12(b)(1) the Federal Rules of Civil Procedure.

### i.    SOVEREIGN IMMUNITY

Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state.[18] Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under §1983.[19] The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court.[20] To the extent that Plaintiff is seeking monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment and should be dismissed. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.[21] The United States Supreme Court has specifically addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[22]

In his *First Amended Complaint*, Plaintiff specifically notes that Defendants LeBlanc and Hooper are being sued only in their official capacities. On the face of the *Amended Complaint*, Plaintiff has failed to state an unbarred claim under § 1983 against Defendants LeBlanc and Hooper in their official capacities, and all such claims against Defendants LeBlanc and Hooper should be dismissed with prejudice for lack of subject matter jurisdiction.

---

[18] *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974).

[19] *Quern v. Jordan,* 440 U.S. 332, 345 (1979).

[20] *Vogt. Bd. Of Comm'rs of Orleans Levee Dist.,* 294 F.3d 684, 688-89 (5th Cir. 2002)(citing *Regents of the Uni. Of Cal v. Doe,* 519 U.S. 425, 429 (1997))/

[21] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

[22] *Hafer v. Melo,* 502 U.S. 21, 25 (1991).

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff has failed to state a claim against Defendants LeBlanc and Hooper. Plaintiff is barred from obtaining monetary damages from the defendants in their official capacities, as Defendants are entitled to immunity pursuant to the Eleventh Amendment from such official capacity claims.

Accordingly, all claims against Defendants LeBlanc and Hooper should be dismissed with prejudice, and at Plaintiff's sole cost.

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

BY:     _/s/ Jeffery A. "Beau" Wheeler, II_____
Jeffery A. "Beau" Wheeler, II (#37546)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana (70804-9005)
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:        WheelerJ@ag.louisiana.gov
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on the 9th day of May, 2019 the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.


_/s/ Jeffery A. "Beau" Wheeler, II_
Jeffery A. "Beau" Wheeler, II (#37546)
Assistant Attorney General