UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN BRISCOE, | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) No. 19-cv-029-SDD-EWD <br> ) |
| DALLAS STEWART, *et al.* | ) <br> ) |
| Defendants. | ) |

**STATUS REPORT**

**A.   JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has subject-matter jurisdiction over Plaintiff's claims of federal rights violations enforceable under 42 U.S.C § 1983. It has supplemental jurisdiction over state-law claims.

**B.   BRIEF EXPLANATION OF THE CASE**

1. Plaintiff claims:

On February 3, 2018, Elayn Hunt Correctional Center (EHCC) inmate Darryl Harris attacked Plaintiff Shawn Briscoe in the Fox 7 dormitory, burning him with chemicals and repeatedly stabbing him. Defendants Sgt. Dallas Stewart and Kendale Williams, who were assigned to watch the Fox 7 dormitory, stood by and actively encouraged the attack instead of calling for back-up or intervening. Neither provided any medical assistance after the attack, forcing Plaintiff to suffer with serious wounds until the shift change. The next month, Plaintiff was asked to identify individuals on the security footage, but when he asked to first speak with an attorney, EHCC officers confiscated his personal items and placed him in an administrative segregation cell next to his attacker. His injuries were severe and ongoing.

Plaintiff asserts violations of the Eighth Amendment pursuant to U.S.C. 42 § 1983 for Defendants' failure to protect Plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U. S. 294, 303 (1991); *Hudson v. Palmer*, 468 U. S. 517, 526-527 (1984). Plaintiff further asserts civil conspiracy claims under § 1983 as well as state law violations for assault and battery, negligence, failure to intervene, and violations of the state constitution.

2.  Defendant Dallas Stewart's claims:

Defendant, Dallas Stewart, denies that she has violated any law or any of Plaintiff's rights in any manner whatsoever. Specifically, Ms. Stewart asserts that she was unaware on February 3, 2018 of any alleged attack on Plaintiff and, further, that there was no call for assistance, disturbance, or otherwise unusual occurrence that would have or should have caused Defendant Stewart to believe that there was an attack on the Plaintiff or any other inmate on February 3, 2018 and/or that Plaintiff was allegedly in need of medical attention. Defendant Stewart further asserts that she did not engage in any conspiracy in any manner and has not violated any state, federal, and/or constitutionally protected rights of the Plaintiff. Additionally, Defendant Stewart asserts that she is entitled to qualified immunity along with each and every affirmative defense set forth in her Answer filed at Record Document 25, which Answer is sufficient to respond to both the Plaintiff's Original Complaint filed at Record Document 1 and Plaintiff's Amended Complaint filed at Record Document 33. Finally, Defendant Stewart asserts that Plaintiff is not entitled to any relief whatsoever from her or, based on information and belief, from any other party to this lawsuit.

C.  **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

- None

D.  **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

- Whether Defendants are liable pursuant to U.S.C. 42 § 1983 for their actions and those of their subordinates on February 3, 2018. (Disputed.)

- Whether Defendants are liable pursuant state law regarding Assault & Battery for their actions and those of their subordinates on February 3, 2018. (Disputed.)

- Whether Defendants were negligent. (Disputed.)

- Whether Defendants failed to intervene. (Disputed.)

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

Plaintiff has articulated a claim for compensable damages and seeks the greatest quantum of damages to be determined by the trier of fact. A calculation of damages will require more information.

2. Defendant's calculation of offset and/or plaintiff's damages: N/A

3. Counterclaimant/cross claimant/third party's calculation of damages: N/A.

Defendants deny that Plaintiff is entitled to recover compensatory damages, and reiterate that they are not liable onto him for damages. Defendants also seek to recover reasonable attorneys' fees and costs for their defense of this lawsuit.

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

- Defendant Kendale Williams has not yet been served.

**G.    DISCOVERY**

1.   Initial Disclosures:

   A.   Have the initial disclosures required under FRCP 26(a)(1) been completed?

   [ ] YES    [**X**] NO – Plaintiff Shawn Briscoe and Defendant Dallas Stewart have completed their initial disclosures, but Defendant Kendale Williams has not, as she has yet to be served.

   In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

   B.   Do any parties object to initial disclosures?

   [ ] YES    [**X**] NO

   For any party who answered yes, please explain your reasons for objecting.

2.   Briefly describe any discovery that has been completed or is in progress:

   By plaintiff(s):

   - Plaintiff has propounded discovery requesting the following, which has been substantially completed:
     - Video of the alleged incident.
     - Contact information of defendant Kendale Williams.
     - Information regarding criminal or other investigations, adverse employment actions, or disciplinary proceedings against co-defendants Williams and Stewart.
     - Information regarding Dallas Stewart's position, job responsibilities, history, qualifications, and termination at Elayn Hunt Correctional Center.
     - Identification of individuals seen in security footage.

   By defendant(s): None yet.

3.   Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?  Will information that is otherwise

4

privileged be at issue?)

**None identified at this time.**

4. Discovery from experts:

   Identify the subject matter(s) as to which expert testimony will be offered:

   By plaintiff(s):   None.

   By defendant(s): None known at this time.

**H.   PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

2. Recommended deadlines to join other parties or to amend the pleadings:

   March 30, 2019

3. Filing all discovery motions and completing all discovery except experts:

   November 27, 2020

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff(s):    December 14, 2020

   Defendant(s):    January 18, 2021

5. Exchange of expert reports:

   Plaintiff(s):    January 17, 2021

   Defendant(s):    February 15, 2021

6. Completion of discovery from experts:  February 15, 2021

7. Filing dispositive motions and Daubert motions:  March 30, 2021

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding

judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a.  Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.  Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.  Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d.  Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e.  Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.  Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.  TRIAL**

1. Has a demand for trial by jury been made?

    [ ] YES    [**X**] NO

2. Estimate the number of days that trial will require.

    **Three (3).**

**J.  OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES    [**X**] NO

i.  If the answer is yes, please explain:

ii. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[**X**] YES    [ ] NO

**K.  SETTLEMENT**

1.  Please set forth what efforts, if any, the parties have made to settle this case to date. Plaintiff has made a settlement offer.

2.  Do the parties wish to have a settlement conference:

[ ] YES    [ X ] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

**L.  CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [ X ] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

7

The parties are currently in discussion about consenting to the jurisdiction of the Magistrate in this case, and reserve their right to do so.

Report Dated:  December 19, 2019

Respectfully submitted,

/s/ William Most_____  
William Most, Bar No. 36914  
David Lanser, Bar No. 37764  
Law Office of William Most, L.L.C.  
201 St. Charles Ave. Suite 114 #101  
New Orleans, LA 70170  
(504) 509-5023  
williammost@gmail.com  

/s/_____  
Jack M. Rutherford, No. 34968  
Rutherford Law  
3110 Canal St.  
New Orleans, LA 70130  
(323) 641-0784  
jack@rfordlaw.com  

*Attorneys for Plaintiff*

Respectfully submitted,

/s/*Melissa S. Losch*_____  
Melissa Losch  
Alejandro R. Perkins  
John Richard Blanchard  
Hammonds, Sills, Adkins & Guice  
2431 S. Acadian Thruway  
Suite 600  
Baton Rouge, LA 70808  
225-923-3462  
504-522-5507 (fax)  
mlosch@hamsil.com  

*Attorneys for Defendant Dallas Stewart*