**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

SHAWN BRISCOE

*versus*

DALLAS STEWART, et al

CIVIL ACTION

19-29-SDD-SDJ

### RULING

Before the Court is the *Motion for Leave to File Jury Demand Out of Time*[1] filed by Defendant, Sergeant Dallas Stewart ("Sgt. Stewart"). Plaintiff Shawn Briscoe ("Briscoe") filed an *Opposition*.[2] For the reasons that follow, the Court finds that Stewart's *Motion* shall be DENIED.

This matter is set for a bench trial beginning on July 10, 2023. Sgt. Stewart filed the instant *Motion* on May 24, 2023, claiming that her counsel "erroneously neglected to seek prior approval" to waive a jury trial. The error is attributed to defense counsel's misunderstanding of internal "billing guidelines and case handling procedures."[3] In her *Motion*, Sgt. Stewart avers that the matter should be converted to a jury trial "to avoid undue prejudice," but she does not further elaborate on this point.[4]

In contrast, Briscoe details the substantial prejudice he would suffer should the bench trial he has been "anticipating and litigating towards" since 2019 be converted to a jury trial at this late hour.[5] His *Opposition* contains a timeline of the jointly filed status

---

[1] Rec. Doc. No. 71.
[2] Rec. Doc. No. 72.
[3] Rec. Doc. 71-1, p. 1.
[4] *Id*.
[5] Rec. Doc. 72, p. 4. Briscoe compares this matter to *Williams v. OSG Ship Mgmt., Inc.*, CV 18-1163, 2018 WL 6602086 (E.D. La. Dec. 14, 2018), where an untimely jury demand was denied, as the non-moving party's "case analysis, research, evidence gathering, surveillance, written discovery, expert selection, deposition taking, and just about every decision was influenced and guided by this being a judge-tried case." *Id.* at *2.

1

reports and Court-issued orders reflecting the status of this matter as set for a bench trial over the past four years. He further claims that Sgt. Stewart has failed to provide a sufficient excuse for her untimely jury demand.

The Court, having considered the arguments of Sgt. Stewart and Briscoe, the record, and the applicable law, finds that a denial of the *Motion* is warranted.[6] Sgt. Stewart's lengthy delay in requesting a jury trial is explained only by inadvertence, which is an insufficient basis for reversing a party's waiver of a jury trial.[7] A granting of the *Motion* would also disrupt the Court's schedule and result in great prejudice to Briscoe, who has conducted discovery and trial preparation in anticipation of a bench trial.

For these reasons, the *Motion for Leave to File Jury Demand Out of Time*[8] filed by Defendant, Sergeant Dallas Stewart is hereby DENIED. This matter will proceed to a bench trial as scheduled.

**IT IS ORDERED.**

Baton Rouge, Louisiana, this 13th day of June, 2023.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir.1981) (trial court did not abuse its discretion in denying defendants' motion for jury trial, which was submitted under F.R.C.P. Rule 39(b) authorizing court to relieve party from waiver of jury trial, where the motion was made only a few days before the docket call, plaintiff had prepared its case to be tried to the bench, and forcing plaintiff to change its strategy on such short notice would have worked a substantial hardship.); *see also United States v. Lochamy*, 724 F.2d 494, 499 (5th Cir.1984) ("While delay alone does not necessarily support the district court's exercise of discretion against a party's jury trial request, it is considered strongly against the motion when no justification is offered in explanation of a lengthy delay.").

[7] *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir.1991); *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009); *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) ("a [Rule 39(b)] motion is considered strongly against the moving party 'when no justification is offered in explanation of a lengthy delay'") (quoting *Lochamy*, 724 F.2d at 499).

[8] Rec. Doc. No. 71.

2