UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAWN BRISCOE,** | * | |
| *Plaintiff* | * | **Civil Action No. 19-00029** |
| | * | |
| v. | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **JAMES LeBLANC, TIMOTHY** | * | **MAGISTRATE JUDGE** |
| **HOOPER, DALLAS STEWART,** | * | **ERIN WILDER-DOOMS** |
| **AND KENDALA WILLIAMS** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION FOR RECONSIDERATION OF QUANTUM OF DAMAGES

Plaintiff Shawn Briscoe has filed a Motion asking this Court to reconsider the compensatory damages awarded to him after the July bench trial.[1] Plaintiff offers little reason for this Court to reconsider its damages award other than citations to distinguishable cases. Even then, Plaintiff offers only the barest of factual information about his cited cases. Plaintiff's Motion fails to demonstrate that this Court erred as a matter of law or mistake in fact and, as such, should be denied.

**I.   Background**

A one day bench trial was held on July 10, 2023. On July 18, 2023, the Court ruled from the Bench in Briscoe's favor. The Court found that Briscoe suffered second degree burns to 4.5% of his body; particularly, his face, neck, chest, and shoulder. The Court also found that Briscoe had been stabbed. It is unclear as to what extent Briscoe suffered such stab wound because Briscoe did not provide any medical documentation for treatment of such wound; however, DOC, documented a puncture wound and Mr. Craig White testified he observed the wound as well. No other documentation was admitted into evidence as to the extent of any such stab injury. The Court found that Briscoe had developed migraines, and suffered emotional fear and anxiety.

---

[1] Motion for Reconsideration of Quantum of Damages, Record Document 106.

As a result of the evidence admitted at trial, the Court awarded Briscoe $10,000.00 in compensatory damages. The Court declined to award punitive damages.[2] The Court also awarded fees and costs. Plaintiff now seeks to increase his damages award. Stewart opposes Plaintiff's Motion.

## II.  Legal Standard

Plaintiff offers this Court only a portion of the relevant legal standard for reconsideration of a judgment. With respect to Rule 59, Plaintiff would have this Court believe that under Rule 59(a) a judgment "should not be amended except for substantial reasons."[3] The full legal standard demonstrates that more is required than just "substantial reasons." As the Eastern District explained in Plaintiff's cited case:

> Federal Rule of Civil Procedure 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. Rule. Civ. P. 59(a)(2). Rule 59(a) permits the court to grant a new trial in a nonjury action if a new trial might be obtained under similar circumstances in a jury action. 11 Charles Alan Wright et al., Federal Practice and Procedure § 2804 (2009). "A motion for new trial in a nonjury case or a petition for rehearing should be based upon 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" *Id*.[4]

Next, it entirely unclear on what basis Plaintiff is moving for relief under Rule 60(b). It appears that Plaintiff is relying on Rule 60(b)(6) as a catchall, without articulating any basis for such relief. Plaintiff generally cites to Rule 60(b)(6) which states that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that

---

[2] Minute Entry, Record Document 100; *see also* Judgment, Record Document 101.

[3] Plaintiff's Memorandum in Support, Record Document 106-1 at 2.

[4] *Matter of Lasala*, CV 18-11057, 2022 WL 4546181, at *2 (E.D. La. Sept. 29, 2022). Another division of this Court has similarly explained that new trial motions in a nonjury cases "should be based upon manifest error of law or mistake of fact." *Gen. Truckdrivers, Warehousemen and Helpers, Loc. Union No. 5 v. Baton Rouge Plant of Formosa Plastics Corp., Louisiana*, CIV. A. 91-713-A, 1993 WL 730714, at *1 (M.D. La. Aug. 5, 1993).

justifies relief."[5] Plaintiff again, however, fails to provide any relevant legal standard beyond the Rule itself. As this Court has previously explained:

> "Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.' "[6]

Additionally, Rule 60(b)(6) "provides a grand reservoir of equitable power to do justice in a particular case."[7] However, the Fifth Circuit has explained that relief may only be granted "if extraordinary circumstances are present."[8] Importantly, "the movant must show 'the initial judgment to have been manifestly unjust.' "[9]

As detailed below, Plaintiff has failed to meet the standard for reconsideration under either Rule 59(a) or Rule 60(b)(6).

### III. Argument

#### A. Plaintiff's Motion for Reconsideration under Rule 59(a) should be denied.

Plaintiff fails to argue, in anyway, that this Court committed manifest error of law or mistake of fact in his damages award of $10,000.00 in compensatory damages. Rather, Plaintiff offers a litany

---

[5] Rule 60(b)(6).

[6] *Knight v. City of Baton Rouge*, CV 18-1010-SDD-RLB, 2021 WL 5449018, at *2 (M.D. La. Nov. 22, 2021) (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993)).

[7] *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citation omitted)

[8] *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

[9] *Edward H. Bohlin*, 6 F.3d at 357.

of distinguishable cases claiming that "correcting" the damages award would somehow result in a "more just award" that would not "cause any other burdens on either party."[10] First, it is axiomatic that increasing a damages award would burden a defendant. Second, Plaintiff's apparent unhappiness with a $10,000.00 damages award falls well short of establishing that this Court committed manifest error of law or mistake of fact.

Plaintiff identifies no legal error that this Court committed. Rather, Plaintiff appears to be arguing that this Court somehow made a mistake in its damages calculation because a "wide rage" of other cases have awarded more money than he received in this case. However, Plaintiff offers only the barest of information on most of his cited cases. Each are distinguishable from the facts in this case. Notably, Plaintiff fails to inform this Court whether the referenced awards were settlements or the reult of jury or bench trials. Nor does Plaintiff state whether the "comparable case" awards were compensatory or punitive damages. As noted below, several of Plaintiff's comparable cases involved a nominal damages award with a large punitive damages award.

*Sanders v. Ramirez*, USDC (D. N.M.), Case No. 1:10-cv-1075 was a settlement. Apparently, that case involved a guard who coordinated with other inmates to attack that Plaintiff, who suffered a beating for several minutes. Regardless of the amount of that settlement, the facts of that case are entirely distinguishable from this case. Stewart did not coordinate Harris' attack on Plaintiff. And, Plaintiff testified at trial that he did not know why he was attacked by Harris. Yet, again distinguishable from the case at bar.

*Hutchinson v. McCabee*, 168 F. Supp. 2d 101, 102 (S.D.N.Y. 2001) involved a plaintiff who as initially attacked by other inmates after asking if anyone took items from his cell during recreation time. The Defendant in that case was told by the plaintiff that he feared identifying assailants or other inmates

---

[10] Plaintiffs Memorandum, R. Doc. 106-1 at 2.

who were involved in that initial attack. He also told that defendant he feared being killed by other inmates. Despite this, that plaintiff was not put in protective custody and was returned to the same cell block.[11] A few hours later, that plaintiff was attacked again and "and sustained serious injuries to his face, shoulder and neck which required nine days of hospitalization." Yet, again distinguishable from the case at bar.

*Huff v. Wyoming Dept. of Corrections*, U.S.D.C. (D. Wyo.), Case No. 2:06-cv-00289-WFD, is another settlement. That plaintiff was apparently subjected to months of sexual, physical, and psychological abuse by his cell mate. Yet, again distinguishable from the case at bar.

*Larry Lucas v. District of Colombia*, No. 98-9837 (D.C. Sup. Ct.), yet another settlement. In that case, guards allegedly watched why the plaintiff, who was paying at the time, be attacked and stabbed sixteen times. Yet, again distinguishable from the case at bar.

*Saylor v. State of Nebraska*, Third District Court, Lancaster County (NE), Case No. CIOS-1597 was a Nebraska state court case. There, the plaintiff claimed the defendant prison officials knew the plaintiff was being threatened but failed to protect him. His cell mate attacked him on one occasion, and on other he was raped. And, prison officials failed to document his conflicts or properly document his assault. Yet, again distinguishable from the case at bar.

*"John Doe" v. Connolly*; Case No. 99 Civ 1672 (S.D.N.Y. May, 4, 2004). It is unclear what case Plaintiff is referring to here. A search of the Southern District of New York's dockets for Case No. 99–cv-1672 through PACER results in the case *Britt v. Garcia, et al,* 1:99-cv-01672-LMM-HBP. If this is Briscoe's referenced case, the Second Circuit discussed it in *Britt v. Garcia*, 457 F.3d 264, 267 (2d Cir. 2006). There, that plaintiff was awarded $150,000 (as possibly referenced by Briscoe). However, the inmate in that matter was attacked multiple times. Another inmate "slashed" that plaintiff's head, neck,

---

[11] *Hutchinson*, 168 F. Supp. 2d at 102.

and back, which required multiple stitches to close. While in protective custody, that plaintiff was attacked again by another inmate. And, sometime later, someone set his cell on fire.[12] Yet, again distinguishable from the case at bar.

With respect to *Adames v. Perez*, Case No. CA._C99-437 (S.D. Tex. May 2001), it appears that case involved an award of $70,000 in *punitive* damages, but only an award of $30 in compensatory damages.[13] However, the Fifth Circuit later reversed for lack of evidence to support the jury's verdict.[14] Yet, again distinguishable from the case at bar.

Briscoe references *Jury Awards Imprisoned KKK Member $55,000 in Texas Jail Beating*, apparently from Prison Legal News dated Dec. 15, 2001. Undersigned counsel does not have a subscription to Prison Legal News and cannot access said article. It is not clear what case or docket number this is referring to. However, the article preview, a few lines of the article, that undersigned counsel can see, shows that this case was a KKK member who was forced to share a cell with Black prisoners who beat him.[15] Yet, again distinguishable from the case at bar.

In *Ivory v. Cesarino-Martin*, Case No. 2:08-cv-01572-LPL (W.D. Penn. Jan. 27, 2011), that Plaintiff was awarded $1.00 in compensatory damages and $50,000 in punitive damages.[16] Yet, again distinguishable from the case at bar.

---

[12] *Britt v. Garcia*, 457 F.3d 264, 267–68 (2d Cir. 2006)

[13] *Adames v. Perez*, 331 F.3d 508, 510 (5th Cir. 2003).

[14] *Id.* Undersigned counsel notes that the Fifth Circuit's docket in that appeal specifically references the lower court's docket number of C-99-CV-437.

[15] In fact, several of Plaintiff's cited cases appear to be referencing Prison Legal News articles rather than the actual case decisions or verdicts.

[16] *See* Jury Verdict Form, Record Document 113 in *Ivory v. Cesarino-Martin*, Case No. 2:08-cv-01572-LPL (W.D. Penn. Jan. 27, 2011).

Plaintiff's "non-failure to protect" cases are even more distinguishable. *Boudreaux v. Farmer*, 604 So. 2d 641 (La. App. 1st Cir. 1992), involved an automobile accident. That plaintiff "suffered injuries to her head and cervical spine that have caused her to suffer constant headaches and neck pain."[17] Yet, again distinguishable from the case at bar.

*Precht v. Case Corp.*, 756 So. 2d 488, 492 (La. App. 3d Cir. 2000) was products liability case involving a farm tractor that caught fire and burned. Notably, the tractor in that case the tractor was determined to be unreasonably dangerous in its design which caused the fire and lead to the plaintiffs injuries. Yet, again distinguishable from the case at bar.

*Fox v. Our Lady of Lourdes Regl. Med.* Ctr., 550 So. 2d 379, 381 (La. App. 3d Cir. 1989), was a medical malpractice case wherein the doctor negligently installed an incorrect interocular lense, resulted in impaired vision. Yet, again distinguishable from the case at bar.

*Sinor v. Natl. Cas. Co.*, 633 So. 2d 720 (La. App. 1st Cir. 1993), was a case wherein plaintiff was relaxing on a swing and a cross beam fell, striking that plaintiff on the head. That plaintiff claimed to suffer severe headaches, neck pain, and blurred vision, and via doctor expert testimony the court was advised "he experienced severe pain at the time of the accident and that he continues to suffer both physically and emotionally." While some of that plaintiff's "problems may not [have been be] a direct result of" that accident, that appellate court found no abuse of discretion in the $25,000 award. Yet, again distinguishable from the case at bar.

All of the above cases are clearly distinguishable from the facts in this case. Notably, this is not a car accident case, products liability case, or medical malpractice case. Nor were any punitive damages awarded in this case either. Stewart did not conspire to harm Briscoe in anyway. Nor was there any history of altercations between Darryl Harris and Briscoe.

---

[17] *Boudreaux v. Farmer*, 604 So. 2d 641, 654 (La. App. 1st Cir. 1992).

The other case Plaintiff cites, *Hyatt v. The GEO Group*, a Florida state court case, is far from "instructive" as Briscoe claims. Briscoe somehow believes that this case should guide the Court's damages award, but completely omits key facts from the *Hyatt* case. In response to a motion for remittitur, the plaintiff in that case described the injuries. That plaintiff sustained first and secondary burns to approximately 30% percent of his body (head to stomach). His eye had to be taped shut for 9 months. He had significant scarring, disfigurement, and was legally blind in his right eye. He had permanent restrictions against activity that would cause him to sweat because of the likelihood of infection prone eye. Most significant is the fact that the *Hyatt* plaintiff was previously employed as a roofer, but he could not be exposed to direct sunlight for more than 30 minutes at a time, which limited all outdoor activities. And, at the prison where the *Hyatt* plaintiff was housed, there were numerous incidents where inmates boiled water in the microwave and tried to injure other inmates.[18] Yet, again distinguishable from the case at bar.

None of the above cases establish in any way that this Court erred in its award of $10,000 in compensatory damages. Each are readily distinguishable and are not comparable to this case at all. Briscoe has completely failed to show that this Court committed either manifest error of law or mistake of fact. Even if he had, Plaintiff has failed to establish substantial reasons for modifying his damages award. His unhappiness is not a substantial reason. Plaintiff's Motion under Rule 59(a) should be denied.

**B.    Plaintiff's Rule 60(b) Motion Should be Denied**

For similar reasons, Plaintiff has failed to demonstrate extraordinary circumstances are present. Merely having a lower damage award from entirely distinguishable cases is not an extraordinary circumstance. Additionally, Plaintiff does not even argue that the judgment he received was manifestly

---

[18] Attachment 1, *Hyatt* Plaintiff's Opposition to Motion for Remittitur.

unjust. Rather, he argues that an increase would "correct[ ] to a more just award."[19] It is Plaintiffs burden to establish the initial judgment was manifestly unjust. His failure to event attempt to prove it is fatal to his Motion. Morever, as discussed above, each of Plaintiff's cited cases are readily distinguishable. Accordingly, Plaintiff's Motion under Rule 60(b) should be denied.

## IV. Conclusion

For the foregoing reasons, Shawn Briscoe's Motion for Reconsideration of Quantum of Damages should be denied.

Respectfully submitted, this the 5th day of September, 2023.

                        **JEFF LANDRY**
                        **ATTORNEY GENERAL FOR**
                        **THE STATE OF LOUISIANA**

**BY:**     */s/John R. Blanchard*
                        **HAROLD J. ADKINS (#14918)**
                        **Email: hadkins@hamsil.com**
                        **ALEJANDRO "AL" PERKINS (#30288)**
                        **Email: aperkins@hamsil.com**
                        **JOHN R. BLANCHARD (T.A.) (#37036)**
                        **Email: jblanchard@hamsil.com**
                        **SPECIAL ASSISTANT ATTORNEY GENERAL**
                        **HAMMONDS, SILLS, ADKINS AND GUICE**
                        2431 S. Acadian Thruway, Suite 600
                        Baton Rouge, Louisiana 70808
                        Telephone (225) 923-3462
                        Facsimile   (225) 923-0315

---

[19] Plaintiff's Opposition, R. Doc. 106-1 at 2.

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on the date stated below, a true and correct copy of the above and foregoing **OPPOSITION** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

**BATON ROUGE, LOUISIANA,** this 5th day of September, 2023.

>  */s/John R. Blanchard*
>  **JOHN R. BLANCHARD**