# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAWN BRISCOE,** | * | |
| *Plaintiff* | * | **Civil Action No. 19-00029** |
| | * | |
| **v.** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **JAMES LeBLANC, TIMOTHY** | * | **MAGISTRATE JUDGE** |
| **HOOPER, DALLAS STEWART,** | * | **ERIN WILDER-DOOMS** |
| **AND KENDALA WILLIAMS** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION FOR ATTORNEYS FEES AND COSTS

Plaintiff Shawn Briscoe has filed a Motion asking this Court seeking alternatives of attorneys fees.[1] Plaintiff first claims that the Prison Litigation Reform Act (PLRA) does not control this case, and his counsel should receive $317,502 in fees. In the alternative, Briscoe claims that his counsel is entitled to $40,387.71 in fees if the cap applies. Briscoe is wrong on both accounts, the PLRA limits his counsel to an award of 150% of his monetary award. In other words, Briscoe's counsel is only entitled to an award of $15,000.00 in fees.  Additionally and despite Briscoe's argument,  it is contrary to the PLRA to apply any *Johnson* multiplier, but, even if appropriate, this is not one of the rare cases meriting a *Johnson* award. Briscoe is also statutorily required to pay up to 25% of his own monetary judgment towards his own attorneys fees. Finally, Briscoe is only entitled to recover costs allowed by law.

As detailed below, the Court should deny Briscoe's Motion and find him entitled to $15,000.00 in fees, $2,500.00 of which must be paid from his own compensatory damages award. Meaning, Defendant Dallas Stewart is only liable for $12,500.00 in attorneys fees.

## I.    Background

A one day bench trial was held on July 10, 2023. On July 18, 2023, the Court ruled from the Bench in Briscoe's favor. The Court found that Briscoe suffered second degree burns to 4.5% of his

---

[1] Motion for Attorneys Fees and Costs, Record Document 105.

body; particularly, his face, neck, chest, and shoulder. The Court also found that Briscoe had been stabbed. It is unclear as to what extent Briscoe suffered such stab wound because Briscoe did not provide any medical documentation for treatment of such wound; however, DOC, documented a puncture wound and Mr. Craig White testified he observed the wound as well.  No other documentation was admitted into evidence as to the extent of any such stab injury. The Court found that Briscoe had developed migraines, and suffered emotional fear and anxiety.

As a result of the evidence admitted at trial, the Court awarded Briscoe $10,000.00 in compensatory damages. The Court declined to award punitive damages.[2]  The Court also awarded fees and costs. On July 19, 2023, Briscoe's counsel sent a letter to undersigned counsel offering to resolve the fees and costs issue. Undersigned counsel and Mr. Most held a meet and confer on July 23, 2023. Thereafter, on August 25, 2023, Stewart sent a counter-proposal. On September 1, 2023, the counter-proposal was rejected. Now, Stewart opposes Briscoe's Motion for fees and costs. As detailed below, Briscoe seeks fees far above the statutory cap on attorneys fees.

## II.    Legal Standard

The Prison Litigation Reform Act (PLRA) governs Briscoe's request for attorneys fees and limits the amount recoverable in this case. 42 U.S.C. § 1997e governs suits filed by inmates, including those brought pursuant to § 1983. Briscoe was admittedly incarcerated at the time suit was filed and pleaded the exhaustion requirement, a prerequisite to suit under the PLRA.[3] Accordingly, the PLRA provides that:

> Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees

---

[2] Minute Entry, Record Document 100; *see also* Judgment, Record Document 101.

[3] *See* Second Amended Complaint, R. Doc. 33 at  12, 45.

is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.[4]

Moreover, the United States Supreme Court has held that "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees."[5]

## III.    Argument

### A.    Refusal to Settle is not Sanctionable and Cannot Increase a Fee Award

Briscoe argues that Stewart's refusal to settle this case increased fees and costs, and should also be sanctionable. This argument is a clear attempt to get around the statutory fee limits of the PLRA. It is well established that "[f]ailure to compromise a case ... does not constitute grounds for imposing sanctions."[6] Undersigned counsel would note that he and Mr. Most had a meet and confer on costs and fees, Stewart made a counter-offer, and Briscoe rejected it. Needless to say, attempts were made to resolve this issue, but were unsuccessful.[7]

Additionally, it is procedurally improper for Briscoe to demand sanctions in a fees and costs motion. "The text of Rule 11 makes plain that a sanction order 'directing payment to the movant of some or all of the reasonable attorneys' fees' is only available 'if imposed on motion and warranted for effective deterrence.' "[8] "This ordinarily requires 'a Rule 11 motion, or an order to show cause under

---

[4] 42 U.S.C. § 1997e(d)(2).

[5] *Murphy v. Smith*, 138 S.Ct. 784, 790 (2018).

[6] *Natl. Ass'n of Govt. Employees, Inc. v. Natl. Fedn. of Fed. Employees*, 844 F.2d 216, 223 (5th Cir. 1988).

[7] *See* Attachment 1, Emails between Mr. Blanchard and Mr. Most. Undersigned counsel notes the only information redacted from these emails are the specific proposed amount of settlement.

[8] *Brunig v. Clark*, 560 F.3d 292, 298 (5th Cir. 2009)

Rule 11(c)(3)."”[9] Briscoe's Motion does not comply with the requirements of Rule 11, especially not the safe harbor requirements.[10] Accordingly, Briscoe's arguments for sanctions should be rejected.

### B.    The PLRA Controls and Caps Awards of Attorneys Fees.

Briscoe cannot escape the statutory limits of the PLRA on attorneys fees. It is clear that his attorneys fees award is subject to the PLRA's 150% cap on fees. Further, Briscoe is required to contribute up to 25% of his damages award to any award of fees.

The Western District of Louisiana recently handled this exact issue in *Brumfield v. Goodwin*,[11] wherein the Honorable Elizabeth Foote reviewed the statutory requirements of the PLRA and decisions surrounding it. In that case, that plaintiff was seeking $14,900.00 in attorney's fees, but was only awarded $500.00 in punitive damages against that defendant. The Western District held that "[d]espite its clumsy wording, which has been called "inartful," § 1997e(d)(2)'s language supports" the 150% cap on attorneys fees.[12] That court explained "Multiple circuits have interpreted § 1997e(d)(2) to mean that an award of attorney' fees in prisoner cases cannot exceed 150 percent of the amount of the judgment."[13] That court went on to explain that:

> The Fifth Circuit implicitly affirmed this interpretation of § 1997e(d)(2) in *Volk v. Gonzales*, 262 F.3d 528, 536 (5th Cir. 2001). In *Volk*, the plaintiff challenged the district

---

[9] *Viaas Inc. v. Amazon.com Inc.*, WA-22-CV-1041-KC, 2023 WL 3069122, at *8 (W.D. Tex. Apr. 25, 2023) (citing *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 458 (5th Cir. 2020)).

[10] "A party's motion for sanctions must first be served on the opposing party and cannot be filed with the court until twenty-one days after service, thus giving the opposing party an opportunity to correct its actions." *Brunig v. Clark*, 560 F.3d 292, 297 n. 16 (5th Cir. 2009) (citing FED.R.CIV.P. 11(c)(1)(A)).

[11] CV 16-1197, 2020 WL 2549703, at *1 (W.D. La. May 19, 2020).

[12] *Id.* at *2.

[13] *Brumfield*, 2020 WL 2549703, at *2 (citing *Parker v. Conway*, 581 F.3d 198, 203 (3d Cir. 2009) (collecting cases)); *see also*, *Id.* citing *Thompson v. Smith*, No. 18-11671, 2020 WL 1189387, at *12 (11th Cir. Mar. 12, 2020); *Boivin v. Black*, 225 F.3d 36, 40 (1st Cir. 2000); *Shepherd v. Goord*, 662 F.3d 603, 608 (2d Cir. 2011); *Parker v. Conway*, 581 F.3d 198, 201 (3d Cir. 2009); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001); *Johnson v. Daley*, 339 F.3d 582, 584 (7th Cir. 2003) (en banc); *Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); *Dannenberg v. Valadez*, 338 F.3d 1070, 1074-75 (9th Cir. 2003); *Robbins v. Chronister*, 435 F.3d 1238, 1244 (10th Cir. 2006)).

court's application of the PLRA's fee limit to his award of "fees-on-fees," which are attorney's fees generated by work done to recover attorney's fees. *Id.* The court affirmed the lower court's ruling, stating that the PLRA's limitation "on the judgment debtors' responsibility for fees to 150 percent of the judgment" should apply to fees-on-fees. *Id.* Thus, the Fifth Circuit aligns with the circuits in the above-mentioned cases and their interpretation of the PLRA's fee limits.[14]

The Western District ultimately held that the plaintiff's attorney's fees was limited to $750.00, or 150% of the $500 monetary award, as required by 42 U.S.C. § 1997e(d)(2). The Court also deduced $125.00 from the $500.00 award to satisfy the $750.00 in fees.[15]

In this case, Briscoe was awarded $10,000.00 in compensatory damages after a bench trial. As such, under the PLRA, Briscoe can only recover a maximum of $15,000.00 in attorneys fees. Notably, Briscoe attempts to combine costs with his compensatory damages, without any authority for such a combination. It appears that Briscoe is attempting to combine his damages award with costs to increase the amount of fees recoverable under the PLRA. 42 U.S.C. § 1997e(d)(2) refers to monetary judgments, not monetary judgments and costs. Briscoe offers no case law, or even an argument in favor of this approach. He simply adds costs to his compensatory award in his calculation. The Court should reject this attempt by Briscoe and deny Briscoe's attempts to recover more than the PLRA's statutory cap on attorneys fees, which in this case are $15,000.00.

## C.    Hourly Rates are Governed by the PLRA

Briscoe goes to some length to establish what he believes is a reasonably hourly rate for his counsel in this case. Indeed, he attaches declarations from nine (9) attorneys to support the argument that Mr. William Most should receive an hourly rate of $350 an hour, and Mr. David Lanser should receive a rate of $250.00 an hour. All nine declarations, other than their varying backgrounds and a few

---

[14] *Brumfield*, 2020 WL 2549703, at *2.

[15] *Id.* at 3. Undersigned counsel notes that *Brumfield* court separately awarded some fees from the Western District of Louisiana's Civil Pro Bono Panel. The attorney in that case was reimbursed some fees from that program. However, no such program is at issue in this case.

sentences about their interactions with Plaintiff's counsel, state that such hourly rates are reasonable, with some adding references to Baton Rouge and New Orleans.[16] Regardless of what Briscoe, his counsel, or the nine declarations supporting the motion claim, the attorneys fee rate in this case is capped by the PLRA.

The PLRA provides that "[n]o award of attorney's fees ... shall be based on an hourly rate greater than 150 percent of the hourly rate established under [the Criminal Justice Act ('CJA'), 18 U.S.C. § 3006A,] for payment of court-appointed counsel."  A breakdown of the CJA's hourly rate is available online and for 2023 the rate is $164 an hour.[17]  This means the maximum rate for an attorneys fee award in 2023 would be $246 an hour, which is lower than the requested rates for Mr. Most of $350 an hour and Mr. Lanser of $250 an hour. Briscoe appears to acknowledge this if the PLRA applies to his fees award, as it should.

Notably, however, the $246 hourly rate is for 2023. Briscoe's demand applies the 2023 rate for all years of work done in this case. The CJA has set different hourly rate caps every year, lower to varying degrees in each preceding year. At least one court has held that the CJA caps the hourly rate based on the year of work in the case, not at the maximum rate at the end of the case.[18] However, this Court need not wade into this thicket. Briscoe's counsel are claiming over 650 hours of work between them, with 7.9 hours of work by a paralegal, Ms. Veronica Barnes. Regardless of whether or not the

---

[16] See Record Documents 105-5 to 105-13.

[17]

https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses#a230_16 (last visited September 5, 2023).

[18] *See Anselme v. Griffin*, 3:20CV00005, 2023 WL 3534490, at *3 (W.D. Va. May 18, 2023) (each plaintiff acknowledged that the PLRA capped their hourly rate at: "$228.00 per hour of attorney time for 2020; $232.50 for 2021; $237.00 for 2022; and $246.00 for 2023.").

CJA's attorney fee hourly rate is applied on a per year basis or the maximum is applied, Briscoe's attorneys fee demand far exceeds the PLRA fee cap of $15,000.00.

> **D.    Briscoe Is Required to Contribute 25 Percent of the Judgment to Satisfy Attorneys Fees**

After Briscoe's award of attorneys fees is properly limited to $15,000.00, the Supreme Court has held that courts are required to apply up to 25 percent of the monetary judgment to satisfy a fees award.[19] In *Murphy*, Charles Murphy was awarded a monetary judgment against two defendants and also attorneys fees. The district court in that case, however, only required Murphy to pay 10% of his judgement to the fee award, requiring the defendants to pay the remainder.[20] The Seventh Circuit reversed, holding that the plaintiff had to exhaust 25 percent of the inmate plaintiff's judgment before the defendants were required to pay the remaining fees.[21]

The Supreme Court held that the purpose of § 1997e(d)(2) is to "instruct the judge about the purpose he must pursue – to discharge the fee award using judgment funds to the extent possible, subject to the 25% cap."[22] The Supreme Court further held that "district courts must apply as much of the judgment as necessary, up to 25 %, to satisfy an award of attorney's fees."[23]

As noted above, Briscoe was awarded $10,000.00 in compensatory damages. The PLRA, therefore, requires that up to 25 percent of his award, or $2,500.00, must be applied to satisfy any attorneys fees award. As discussed above, Briscoe is limited to recovering $15,000.00 in attorneys fees.

---

[19] *Murphy v. Smith*, 138 S.Ct. 784, 790 (2018).

[20] *Id* at 787.

[21] *Id.*

[22] *Id.* at 788.

[23] *Id.* at 790.

Because $2,500.00 will not fully satisfy an award of $15,000.00, the entire 25 percent must be applied. Stewart, therefore, would only be responsible for the remaining payment of $12,500.00 in attorneys fees.

### E.    No basis for a *Johnson* Multiplier

Plaintiff argues, at some length, for a *Johnson* multiplier in this case. This appears to be yet another way for Plaintiff to try to skirt the limitations of the PLRA. First, the statutory language of the PLRA clearly limits the amount of fees recoverable in these types of cases. It would be inappropriate for the Court enhance an award above the statutory cap of $15,000.00.

Second, there is no basis for an upward multiplier in this case. "A lodestar enhancement is appropriate 'only in certain exceptional cases where the prevailing party demonstrates that the enhancement is necessary to make the lodestar reasonable.'"[24] Here, Briscoe argues that *all* twelve of the *Johnson* factors support enhancement of the fee award. Briscoe's arguments fall well short of establishing an enchantment.

> The Fifth Circuit has cautioned that any Johnson factor already considered in the lodestar amount should be disregarded in determining whether the lodestar should be adjusted. *Hendrix v. Evergreen Hauling*, 2019 WL 138160, at *4 (N.D. Miss. Jan. 8, 2019) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Factors one, two, three, four, five, seven, eight, and nine are usually implicated in the lodestar calculation. *See Michael v. Boutwell*, 2015 WL 9307838, at *2 (N.D. Miss. Dec. 21, 2015) (citing *Sales v. Bailey*, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015)) (additional citations omitted). Moreover, since Johnson was decided, the Supreme Court has held that the sixth factor should not be considered. *Sales*, 2015 WL 1825060 at *4 (citing *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 638, 120 L. Ed. 2d 449 (1992)).[25]

Another division of this Court has also explained that "[c]ontrolling authority greatly limits the Court's discretion to enhance the lodestar based on factors (2) novelty and difficulty; (3) skill; (4) preclusion of other employment; (8) the amount involved and the result obtained; and (9) counsel's reputation and

---

[24] *Kirk Menard v. Targa Resources, LLC*, CV 19-00050-BAJ-SDJ, 2023 WL 5628593, at *4 (M.D. La. Aug. 31, 2023) (citing *Cooper v. Pentecost*, 77 F.3d 829, 833 (5th Cir. 1996).)

[25] *Smith v. Humphreys County, Mississippi*, 4:21-CV-84-SA-JMV, 2023 WL 2587483, at *4 (N.D. Miss. Mar. 21, 2023).

ability—because there is a 'strong presumption' that the lodestar already accounts for these factors."[26] "Enhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts."[27]

Importantly,  "the lodestar may not be enhanced due to a *Johnson* factor 'if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.'"[28]

Briscoe offers little more than conclusory arguments on most the *Johnson* factors. However, as an initial matter, the first factor already is included in the lodestar.[29] The fifth factor, the customary fee, and the twelfth factor, awards in similar cases, are both controlled by the PLRA and set by the CJA as discussed above. Additionally, as noted above, "[t]he Supreme Court has barred any use of the sixth factor."[30]

Notably, this case does not rise to the level of one where novelty and difficulty would justify an upward enchantment. In *Shipes v. Trinity Industries*, 987 F.2d 311, 321 (5th Cir. 1993), the Fifth Circuit considered an argument for an adjustment on novelty and difficulty wherein there "were over three hundred plaintiffs, an entire spectrum of employment decisions was being challenged, the case was complex and highly technical, and Trinity's obstinate conduct caused additional difficulty." The Fifth Circuit rejected arguments that such a case was "rare or exceptional". The Court explained that "[a]ll

---

[26] *Menard*, 2023 WL 5628593, at *7 (citing  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 771 & n.12 (5th Cir. 1996) (instructing that "[t]he Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors" to enhance the lodestar (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)); *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) ("[T]his Court [has] observed that 'preclusion of other employment' is generally subsumed within the lodestar amount.")).

[27] *Id.* (citing  Walker v. U.S. Dept. of Hous. and Urb. Dev., 99 F.3d 761, 771–72 (5th Cir. 1996)

[28] *Menard*, 2023 WL 5628593, at *4.

[29] *Walker*, 99 F.3d 761, 771.

[30] *Walker v. U.S. Dept. of Hous. and Urb. Dev.*, 99 F.3d 761, 772 (5th Cir. 1996)

counsel competent to handle a case such as this one are expected to be able to deal with complex and technical matters; this expertise is reflected in their regular hourly rate, based on fees for counsel of similar experience and ability."[31]

In this case, nothing remotely rises to the level of complexity of the *Shipes* case to justify an upward multiplier under the second factor. There was video evidence and, ultimately, four (4) witnesses for trial, one of whom testified via stipulation. Similarly, Briscoe argues under the third factor that skill is required to address a qualified immunity argument. Qualified immunity is well established under the law and attorneys regularly deal with it in prison litigation.

Under the fourth factor, Briscoe argues, with little more than a conclusory statement, that his counsel had to turn down work over the years. Plaintiff also argues under factor eight that results are significant to him because he is indigent, but makes no claim as to how his indigent status is exceptional or rare. As this Court is undoubtedly aware, an inmate being indigent is not uncommon in these types of case. And, under factor nine, Briscoe claims that his counsel are specialized, highly accomplished, and highly respected. However, as noted above, there is a strong presumption these factors are subsumed within the lodestar amount.

Another division of this Court addressed a similar request recently. In rejecting enhancement, the Court explained:

> Plaintiffs claim for an adjustment based on Johnson factors 2, 3, 4, 8, and 9, is conclusory, amounting to an assertion that Mr. Simeon and Mr. Bergeron each are good at what they do, assumed the risk that they would not ultimately be successful, fought hard for the result they obtained, and defeated multiple dispositive motions before prevailing at trial. (See Doc. 139-2 at 15-19). The same can be said of practically all contingency fee arrangements. These factors are presumably accounted for by the lodestar, and Plaintiff has not provided "specific evidence" to overcome this

---

[31] *Shipes*, 987 F.2d at 321.

presumption. *See Walker*, 99 F.3d at 771—72 (vacating 20% lodestar enhancement where counsel failed to support its request with reasonable specificity).[32]

For the same reasons, this Court should reject Briscoe's arguments for enchantment under factors 2, 3, 4, 8, and 9.

Under factor ten, Briscoe claims that civil rights cases are undesirable, and his own counsel states in his declaration that "Prisoners' rights litigation is among the least desirable areas of law of any type in Louisiana."[33] Prisoners' rights litigation being undesirable types of cases falls well short of "'the type of undesirability contemplated by *Johnson*,' which aimed the 'undesirability' factor to encourage and compensate civil rights attorneys facing social and economic backlash for their professional efforts to eradicate discrimination."[34] Briscoe provides no specific examples of his counsel facing any type of social or economic backlash for taking on this case and, as such, cannot justify enchantment of an award under this factor.[35]

Under the eleventh factor, Briscoe argues that he has a "professional relationship" with his counsel that "required patience and mutual trust, and yielded significant benefits." This does not justify an enhanced award. "[A] lodestar increase based on the eleventh Johnson factor may be appropriate when there is evidence of a 'special or lengthy professional relationship.' "[36] " 'The relationship did not

---

[32] *Menard*, 2023 WL 5628593, at *7

[33] Plaintiff's Memorandum, R. Doc. 105-1; Declaration of William Most, R. Doc. 105-3.

[34] *Menard*, 2023 WL 5628593, at *8 (M.D. La. Aug. 31, 2023) (citing *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-CV-491, 2020 WL 375596, at *10 (E.D. La. Jan. 23, 2020) (Ashe, J.) (quoting Martinez v. Refinery Terminal Fire Co., No. 11-cv-00295, 2016 WL 4594945, at *9 (S.D. Tex. Sept. 2, 2016) (Gonzales Ramos, J.)).

[35] *Id.* (citing *Cooper*, 77 F.3d at 833-34 (affirming denial of enhancement based on undesirability where, despite general negative stigma associated with prisoner cases, attorneys were not subjected to oppressive, unpleasant, or intimidating conditions)).

[36] *Avialae S De R/ De Cv v. Cummins Inc.*, EP-19-CV-00380-FM, 2023 WL 5163901, at *8 (W.D. Tex. Aug. 3, 2023)

antedate the litigation, nor will it likely continue beyond the closure of this case.' "[37] In a "one and done situation" counsel are not entitled to an enhancement because it fails to demonstrate any type of special or lengthy relationship.[38]

In sum, the PLRA clearly caps Briscoe's recoverable attorneys fees to $15,000.00 and he cannot avoid this statutory limitation by seeking an enhancement under *Johnson.* Alternatively, even if *Johnson* applies, Briscoe's arguments fall well short of a *Johnson* enhancement. This is not one of the rare or exceptional cases that warrants a *Johnson* multiplier. Therefore, the Court should reject Briscoe's arguments for a *Johnson* multiplier.

## IV.    Conclusion

It is well established that the PLRA limits attorney fees awards to 150% of the monetary judgment. The Supreme Court has also ruled that the PLRA requires that 25 percent of Briscoe's judgment must be applied to an award of attorneys fees. And, no *Johnson* multiplier should be applied as the PLRA's limits are clear and, in the alternative, Briscoe fails to demonstrate his entitlement to an upward multiplier because this is not a rare of exceptional case.

Using the PLRA's formula, Briscoe was awarded $10,000.00 in compensatory damages. Attorneys fees, therefore, are capped at $15,000.00 (equating from 150% of $10,000.00). That amount, however, must be reduced by up to 25 percent (25%) of the compensatory damages award, or $2,500.00. Because $2,500.00 does not satisfy an award of $15,000.00 the full amount must be applied. Therefore, Stewart is responsible for $12,500.00 in attorneys fees.

Accordingly, Dallas Stewart respectfully submits that Briscoe's Motion for Attorney's Fees should be denied, and the award of attorneys fees requested must be reduced to $12,500.00.

---

[37] *In re Vioxx Products Liab. Litig.*, 760 F. Supp. 2d 640, 657 (E.D. La. 2010) (citing Murphy Oil, 472 F.Supp.2d at 866-67).

[38] *Avialae*, 2023 WL 5163901, at *8 (W.D. Tex. Aug. 3, 2023).

-12-

Respectfully submitted, this the 5th day of September, 2023.

**JEFF LANDRY**
**ATTORNEY GENERAL FOR**
**THE STATE OF LOUISIANA**

**BY:**   */s/John R. Blanchard*

**HAROLD J. ADKINS (#14918)**
**Email:** hadkins@hamsil.com
**ALEJANDRO "AL" PERKINS (#30288)**
**Email:** aperkins@hamsil.com
**JOHN R. BLANCHARD (T.A.) (#37036)**
**Email:** jblanchard@hamsil.com
**SPECIAL ASSISTANT ATTORNEY GENERAL**
**HAMMONDS, SILLS, ADKINS AND GUICE**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone (225) 923-3462
Facsimile   (225) 923-0315

## CERTIFICATE OF SERVICE

I do hereby certify that, on the date stated below, a true and correct copy of the above and foregoing **OPPOSITION** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

**BATON ROUGE, LOUISIANA,** this 5th  day of September, 2023.

*/s/John R. Blanchard*
**JOHN R. BLANCHARD**

-13-