UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAWN BRISCOE

*versus*

DALLAS STEWART, et al

CIVIL ACTION

19-29-SDD-SDJ

**<u>RULING</u>**

This matter comes before the Court on the *Motion for Reconsideration of Quantum of Damages*[1] and *Motion for Attorneys' Fees and Costs*[2] filed by Plaintiff, Shawn Briscoe ("Briscoe"). Defendant, Sergeant Dallas Stewart ("Defendant") opposed both motions.[3] For the reasons that follow, the Court finds that Briscoe's *Motion for Reconsideration of Quantum of Damages*[4] shall be denied, and his *Motion for Attorneys' Fees and Costs*[5] shall be granted in part and denied in part.

I. **BACKGROUND**

After a bench trial on July 10, 2023, the Court awarded Plaintiff $10,000 in compensatory damages, finding that Plaintiff prevailed against Defendant, by a preponderance of the evidence, on his claims of failure to protect and deliberate indifference to Plaintiff's medical needs under the Eighth Amendment pursuant to U.S.C. 42 § 1983, Louisiana's Constitution, Article I, Sec. 20, and the state-law tort of negligence.[6] Now, Plaintiff moves the Court to reconsider its award of damages and further moves for $320,965.57 in attorneys' fees and costs, arguing the Prison Litigation

---

[1] Rec. Doc. 106.
[2] Rec. Doc. 105.
[3] Rec. Doc. 107; Rec. Doc. 108.
[4] Rec. Doc. 106.
[5] Rec. Doc. 105.
[6] Rec. Doc. 100; Rec. Doc. 101; Rec. Doc. 104.

1

Reform Act ("PLRA") caps do not apply or alternatively, $43,850.28, if the PLRA caps are found to apply.

## II.  MOTION FOR RECONSIDERATION OF QUANTUM OF DAMAGES

Plaintiff moves for reconsideration of the quantum of damages awarded to him at trial pursuant to Fed. R. Civ. Proc. Rules 59(a)(2) and 60(b). Under Rule 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." The Court is permitted to grant a new trial in a nonjury action if a new trial might be obtained under similar circumstances in a jury action.[7] "A motion for new trial in a nonjury case or a petition for rehearing should be based upon 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'"[8]

Here, Plaintiff does not meaningfully assert that the Court committed a manifest error of law or mistake of fact in awarding him $10,000 in compensatory damages for his injuries. Instead, Plaintiff presents a myriad of cases from various jurisdictions demonstrating a wide range of damages awards under distinguishable circumstances than those present here. This presentation does not show that the Court erred in its award, which was based on the evidence presented at trial, or show a substantial reason for modifying Plaintiff's damages award. Plaintiff has failed to show sufficient grounds for amending the judgment under Rule 59(a).

Additionally, Rule 60(b)(6) allows a Court to vacate a judgment for "any other reason that justifies relief" and provides a residual clause meant to cover unforeseen

---

[7] *In re Lasala*, CV 18-11057, 2022 WL 4546181, at *2 (E.D. La. Sept. 29, 2022).
[8] *Id.* (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2804 (2009).

contingencies and to accomplish justice in exceptional circumstances.[9] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[10] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Plaintiff's *Motion for Reconsideration of Quantum of Damages*[11] is hereby denied.

### III. MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff seeks the following amounts, depending on the applicability of the PLRA caps:

If the PLRA caps do not apply:

| Attorney | Number of Hours | Hourly Rate | Fees |
|---|---|---|---|
| **William Most** | 93 | 350 | $32,550 |
| **David Lanser** | 566.8 | 250 | $141,700 |
| **Veronica Barnes** | 7.9 | 140 | $1,106 |
| **Deduction for Billing Judgment** | | | -$16,605 |
| | | **Subtotal** | **$158,751** |
| *Johnson* **Multiplier** | | | $317,502 |
| **Costs** | | | $3,462.57 |
| | | **Total** | **$320,965.57** |

---

[9] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[10] *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).
[11] Rec. Doc. 106.

If the PLRA caps do apply:

| Attorney | Number of Hours | Hourly Rate | Fees |
|---|---|---|---|
| **William Most** | 93 | 246 | $22,785 |
| **David Lanser** | 566.8 | 246 | $139,432.80 |
| **Veronica Barnes** | 7.9 | 140 | $1,106 |
| **Deduction for Billing Judgment** | | | -$15,522.60 |
| | | **Subtotal** | $147,801.20 |
| **PLRA reduction to 150% of damages and costs** | | | $20,193.86 |
| *Johnson* **Multiplier** | | | $40,387.71 |
| **Costs** | | | $3462.57 |
| | | **Total** | $43,850.28 |

### A. Applicable Law

The general rule in the American legal system is that each party must pay its own attorney's fees and expenses.[12] Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced, providing that a prevailing party in certain civil rights actions, including actions under § 1983, may recover "a reasonable attorney's fee as part of the costs."[13] However, the statute does not explain what Congress meant by a "reasonable" fee; therefore, the task of identifying an appropriate methodology is

---

[12] *Hensley v. Eckerhart*, 461 U.S. 424, p. 429 (1983).
[13] 42 U.S.C. § 1988(b).

4

left to the courts. In this Circuit, reasonable attorneys' fees encompass paralegal work so long as that work is legal in nature, as opposed to clerical.[14]

### i. The Lodestar Method

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[15] The "lodestar" analysis involves a two-step procedure.[16] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[17] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case and assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc*.[18]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion—*i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[19] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the

---

[14] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (explaining that paralegal work can be recoverable so long as the work is legal in nature as opposed to clerical); *see also Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("[paralegal expenses] are [sic] recoverable only as part of a prevailing party's award for attorneys' fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney").
[15] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143 (1994).
[16] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323–324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[17] *Kellstrom*, 50 F.3d at 324.
[18] 488 F.2d 714, 717–19 (5th Cir.1974).
[19] *Hopwood v. State of Texas*, 236 F.3d 256, 277 n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.

lawsuit.[20] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[21]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[22] The party seeking the fee bears the burden of proof on this issue.[23]

### ii. Attorneys' Fee Limitations Pursuant to the Prison Litigation Reform Act

In addition to applying the "lodestar" method, this Court must also consider 42 U.S.C. Section 1997e, also known as the Prison Litigation Reform Act (the "PLRA"), which applies to recovering attorneys' fees in suits brought by prisoners. Section D of 1997e states the following:

1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

   (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

   (B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

---

[20] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Par. Sch. Bd.,* 919 F.2d 374, 379 (5th Cir. 1990).
[21] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).
[22] *See Hensley*, 461 U.S. at 433; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom,* 50 F.3d at 324.
[23] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324.

> 2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.[24]

The Supreme Court analyzed this Section in *Murphy v. Smith*.[25] The Court found that, while attorneys' fees are recoverable in Section 1983 actions, before seeking recovery from a defendant, 25 percent of the prisoner's damage award will contribute to the attorneys' fee award.[26] Then, a defendant will pay the remaining balance if such exists.[27]

The Fifth Circuit has not had the opportunity to apply *Murphy*. However, several other circuits have. For example, in *Thompson v. Smith*, the Eleventh Circuit Court of Appeals held that, pursuant to the Supreme Court's holding in *Murphy*, the prevailing party is obliged to compensate his lawyer with 25 percent of his monetary award and the defendant is liable for no more than 150 percent of the judgment amount to satisfy the attorneys' fees award.[28] The Eleventh Circuit found that the Supreme Court acknowledged that Section 1997e(D) limits a district court's discretion to award fees under Section 1988(b).[29]

In the absence of Fifth Circuit precedent, this Court is persuaded by the interpretations of *Murphy* by other Circuits. Therefore, this Court will first apply the "lodestar" method to this Motion and then analyze where limitations may be necessary.

---

[24] 42 U.S.C. § 1997e(D).
[25] 583 U.S. 220, 227–28 (2018).
[26] *Id*.
[27] *Id*.
[28] 805 F. App'x 893, 908 (11th Cir. 2020).
[29] *Id*. at 909.

7

### B. <u>ANALYSIS</u>

#### *i. Reasonableness of Hourly Rates and Hours Expended*

The Court begins by determining whether the number of hours claimed by Briscoe's attorneys are reasonable.[30] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[31] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[32] The Court will then determine the reasonableness of the hourly rates billed, which must be supported by the record.[33]

Here, Plaintiff asserts that 93 hours were billed by attorney William Most, who bills at an hourly rate of $350 per hour; 566.8 hours were billed by attorney David Lanser, who bills at an hourly rate of $250 per hour; and 7.9 hours were billed by paralegal Veronica Barnes, who bills at an hourly rate of $140 per hour. The hours billed are well documented in the time sheets submitted by Plaintiff.[34] Declarations from nine attorneys were submitted to support the hourly rates of attorneys William Most and David Lanser

---

[30] *Migis*, 135 F.3d at 1047.
[31] M.D. La. LR54(b).
[32] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[33] *See Bland v. Alco Collections, Inc.,* No. CV 16-822-SDD-RLB, 2018 WL 278739, at *5 (M.D. La. Jan. 3, 2018) ("[t]he hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate.")
[34] Rec. Doc. 105-4.

based on their experience and the local market.[35] Plaintiff further presented the Court with ample case law in support of hourly rate billed by paralegals in the same locale. Relevant to the reasonableness analysis, Plaintiff's counsel deducted between $15,522.60 and $16,605.00 from the amount billed based on counsel's billing judgment/discretion for amounts that would not typically be billed to a client of their practice. Finally, Plaintiff requests that a two times multiplier be applied to the attorneys' fees, arguing that the *Johnson* factors weigh in favor of an upwards adjustment.[36]

Defendants do not challenge the reasonableness of the hours expended by Plaintiff's counsel nor the rates charged by the litigation team. Rather, Defendants argue that the PLRA limits Plaintiff's recovery of attorneys' fees. Defendants further asserts that application of the PLRA precludes additional recovery by way of the *Johnson* factors.

### ii.  Prison Litigation Reform Act

Plaintiff argues that the PLRA only restricts attorneys' fees awarded through 42 U.S.C. Section 1988, but another source of attorneys' fees is available to Plaintiff here in the form of sanctions.[37] In other words, Plaintiff claims he is not limited to the cap on attorneys' fees denoted by the PLRA because the Court twice ordered the parties to engage in settlement negotiations, yet Defendants refused.

The Court must reject this argument, however, because it is well-established that failure to compromise a case does not constitute grounds for imposing sanctions.[38] The

---

[35] Rec. Doc. 105-5; Rec. Doc. 105-6; Rec. Doc. 105-7; Rec. Doc. 105-8; Rec. Doc. 105-9; Rec. Doc. 105-10; Rec. Doc. 105-11; Rec. Doc. 105-12; Rec. Doc. 105-13.
[36] Rec. Doc. 105-1, p. 16.
[37] Rec. Doc. 105-1, p. 17.
[38] *Nat'l. Ass'n of Gov't. Emps., Inc. v. Nat'l. Fed'n. of Fed. Emps.*, 844 F.2d 216, 223 (5th Cir. 1988)

9

fact remains that Plaintiff Briscoe was imprisoned at the time he filed this lawsuit and is currently still imprisoned. Thus, his claims do arise under the PLRA.[39] On July 18, 2023, the Court found in favor of Plaintiff, and he received a judgment of $10,000 in compensatory damages.[40] The attorneys' fees award is limited to 150 percent of the judgment, or $15,000. Due to the PLRA cap, the fee award will be derived from 25 percent of Plaintiff's monetary award and the remaining amount will be paid by Defendants. Because Plaintiff's award is $10,000, $2,500 of the award will go toward the attorneys' fees. And, because the fee award is limited to $15,000 in total, Defendants are ordered to pay Plaintiff $12,500 as a reasonable attorneys' fees award. The Court finds that the maximum amount of fees allowed under the PRLA cap is appropriate.

### iii. Costs

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff Shawn Briscoe's *Motion for Reconsideration of Quantum of Damages*[41] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Shawn Briscoe's *Motion for Attorneys' Fees and Costs*[42] is hereby **GRANTED in part and DENIED in part.** Plaintiff is hereby

---

[39] *See Morales v. McCulloh,* No. CV 18-808-SDD-RLB, 2019 WL 2774324, at *2 (M.D. La. July 2, 2019) (explaining that the attorney's fee cap pertains to an action brought by a prisoner who is confined to any jail, prison, or correctional facility).
[40] Rec. Doc. 104.
[41] Rec. Doc. 106.

10

awarded $12,500 in attorneys' fees. In accordance with Local Rule 54(a), the Court will refer the matter of taxable costs and expenses to the Clerk of Court's Office.

Signed in Baton Rouge, Louisiana on March 18, 2024.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. 105.